United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-11082
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RAYMOND GARCIA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-205-11
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Raymond Garcia appeals his sentence following his guilty plea conviction for conspiracy to distribute cocaine, marijuana, and methamphetamine. The district court sentenced Garcia to 135 months in prison based on information in the presentence report (PSR) that he was responsible for 660 kilograms of cocaine and 440 pounds of methamphetamine, which is the equivalent of more than 500,000 kilograms of marijuana, pursuant to U.S.S.G. § 2D1.1(c)(1).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia argues that the district court erred by adopting the PSR's finding of drug quantity because the only basis for the amounts of cocaine and methamphetamine was the hearsay information provided by coconspirators.  Although the Sentencing Guidelines are now advisory, the guideline range must still be determined in the same manner as before United States v. Booker, 543 U.S. 220 (2005).  United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006).  This court reviews the sentencing court's factual findings for clear error and its "interpretation and application of the sentencing guidelines de novo."  United States v. Gonzales, 436 F.3d 560, 584 (5th Cir. 2006).

"As a general rule, information in the pre-sentence report is presumed reliable and may be adopted by the district court without further inquiry if the defendant fails to demonstrate by competent rebuttal evidence that the information is materially untrue, inaccurate or unreliable."  United States v. Carbajal, 290 F.3d 277, 287 (5th Cir. 2002)(quotation and citation omitted).  Although it is true that Garcia's PSR is based primarily on the hearsay of codefendants, Garcia has not presented any rebuttal evidence to contradict the drug-quantity statements.  Absent rebuttal evidence, Garcia cannot show that the court's adoption of the drug quantity information was clearly erroneous.

AFFIRMED.